```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


Lambert Dehler,                    :

        Plaintiff,                 :

    v.                             :    Case No. 2:14-cv-614

                                   :    JUDGE MICHAEL H. WATSON
Gary C. Mohr, et al.,                   Magistrate Judge Kemp

        Defendants.                :
```

REPORT AND RECOMMENDATION AND ORDER

Lambert Dehler, an inmate at the Grafton Correctional Institution, filed this action under 42 U.S.C. §1983 against Gary Mohr and Warden Wanza Jackson alleging violations of his First, Eighth, and Fourteenth Amendment rights. By order dated November 25, 2014, Mr. Dehler's claims against Warden Jackson were dismissed without prejudice under Fed.R.Civ.P. 41(a)(1), following defendants' filing of a motion to sever and Mr. Dehler's filing of a notice that he voluntarily severed his claims against Warden Jackson and had filed a new action (Case No. 2:14-cv-2099). The remaining claims against Director Mohr relate to a power outage at GCI during July, 2013. Director Mohr has moved to dismiss these claims and the motion has been fully briefed. For the following reasons, the Court will recommend that the motion to dismiss be granted.

### I. Background

Mr. Dehler's complaint alleges the following. In January, 2013, Director Mohr enrolled the Ohio Department of Rehabilitation and Correction in an electricity conservation program known as the "Demand Response Program." This program allows for the reduction of electricity usage in response to electric grid emergencies. According to an exhibit attached to

Mr. Dehler's complaint, when PJM, the largest grid operator in North America, calls an "event" it means that a "brown out" could potentially occur. When PJM makes such a call, businesses enrolled in the program reduce certain electric usage.

On July 15, 2013, from approximately 4:00 p.m. to 6:30 p.m., the power was turned off at GCI. On July 16, 2015, the power was turned off from approximately 1:00 p.m to 5:30 p.m. Mr. Dehler asserts that during these outages he was forced to remain locked in his cell without a fan or ice while temperatures exceeded 100 degrees. He states that he is an elderly inmate and that these incidents of overheating caused him to suffer severe stress and endure pain and suffering in violation of his Eighth Amendment rights. He also contends that his Fourteenth Amendment right to equal protection of the law was violated when Mr. Mohr allowed the power to be turned off at GCI but allowed the power to remain on at other nearby Ohio prisons.

## II.  Legal Standard

A motion to dismiss under Fed. R. Civ. P 12(b)(6) should not be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). All well-pleaded factual allegations must be taken as true and be construed most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Rule 8(a) admonishes the Court to look only for a "short and plain statement of the claim," however, rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89 (2007).

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim.

Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief.  See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).  Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  5A Wright & Miller, Federal Practice and Procedure § 1356 (1990).  The moving party is entitled to relief only when the complaint fails to meet this liberal standard.  Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Id. (emphasis in original, quotes omitted).

> "[w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist."

Id. It is with these standards in mind that the motion to dismiss will be decided.

### III.  Analysis

In his motion to dismiss Director Mohr contends that Mr. Dehler fails to state an Eighth Amendment claim because he cannot satisfy either the objective or subjective component of such a claim.  With respect to the objective component, Director Mohr relies on Bomer v. Lavigne, 101 Fed.Appx. 91 (6th Cir. 2004), a case in which the Court of Appeals upheld the dismissal of an

-3-

inmate-plaintiff's claim similar to Mr. Dehler's, characterizing a three-day power outage as a "brief inconvenience." With respect to the subjective component, Director Mohr contends that Mr. Dehler does not allege his personal involvement in the decision to shut off power nor does he provide any facts to suggest that Director Mohr acted wantonly in enrolling the ODRC in the Demand Reduction Program. Further, by footnote, Director Mohr states that, in <u>Bomer</u>, the Court of Appeals also upheld the dismissal of an equal protection claim because the plaintiff had not alleged that he was intentionally treated differently from other inmates.

In response, Mr. Dehler contends that, although he is unable to access the GCI law library to read the case, from his reading of Director Mohr's brief, <u>Bomer</u> is easily distinguishable because its circumstances did not involve a voluntary power outage. Further, he argues that <u>Bomer</u> recognizes that an equal protection claim relating to a power outage is cognizable. Additionally, he contends that the exhibits to his complaint demonstrate that Director Mohr's "Office was responsible for turning off the power to GCI." Finally, he cites to several cases where he contends that courts have found that conditions of extreme heat violate an inmate's Eighth Amendment rights.

In reply, Director Mohr asserts that none of the cases Mr. Dehler relies on are controlling because they predate the series of United States Supreme Court cases that refined the governing Eighth Amendment analysis by clearly establishing the parameters of the objective and subjective components. Director Mohr reiterates that <u>Bomer</u> controls here. Finally, he notes that, under <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981), restrictive or harsh conditions are part of prison life.

To establish an Eighth Amendment violation, in the context of conditions of confinement, a plaintiff must demonstrate one of

two alternatives; he must show either that he was incarcerated under conditions posing a substantial risk of serious physical harm or that he was deprived of the minimal civilized measure of life necessities.  See Farmer v. Brennan, 511 U.S. 825, 834 **(**1970); Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhoades v. Chapman, 452 U.S. 337, 347 (1981).

For all Eighth Amendment claims, there is a subjective and an objective component.  Objectively, the prison conditions must be "serious" as opposed to "trivial," "minor," or "insubstantial."  Subjectively, the defendant accused of violating the Eighth Amendment must have acted with a state of mind that can accurately be described as "deliberate indifference."  Both of these components require further explanation.

It is not always easy to distinguish between serious inhumane prison conditions and those which are not sufficiently substantial to implicate the constitutional prohibition against cruel and unusual punishment.  The facts concerning the seriousness of a prison's condition are often in dispute.  In evaluating such claims, there is no definitive test that courts can use to decide if conditions are objectively cruel and unjust.  Rather courts should look to "evolving standards of decency" to determine if certain conditions are serious enough to pose a substantial risk of harm or deprive an inmate of minimal life necessities.  See Trop v, Dulles, 356 U.S. 86, 101 (1958) (plurality opinion).  Furthermore, conditions of confinement are permitted to be "restrictive and even harsh, [because] they are part of the penalty that criminal offenders pay for their offenses against society" as long as they are not objectively considered cruel and unusual under contemporary standards.  See Rhoades, 452 U.S. at 347.

As to the second component, in Farmer v. Brennan, 511 U.S.

-5-

825, 839 (1994), the Supreme Court adopted "subjective recklessness as used in criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . ."  Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted."  Id.  Because an Eighth Amendment claim must be based on deliberate indifference, mere negligence by a prison official with respect to prison conditions is not actionable under 42 U.S.C. §1983.

  The Court agrees with Director Mohr that Bomer applies here and will recommend that the motion to dismiss be granted as to this claim.  In Bomer, the Court of Appeals agreed with the district court that a three-day power outage did not constitute cruel and unusual punishment.  Mr. Dehler's complaint alleges only a seven-hour outage over the course of two consecutive days. These allegations fall far short of the length of an outage the Court of Appeals characterized as merely a "brief inconvenience" and suggest, at most, ordinary discomfort.  Further, as the plaintiff in Bomer, Mr. Dehler has not alleged harm as a result of the power outage beyond conclusory statements that he suffered "stress" and endured "pain and suffering."  As a result, Mr. Dehler is unable to satisfy the objective component of an Eighth Amendment claim.

  Additionally, Mr. Dehler's complaint does not contain any allegations suggesting that Director Mohr exhibited deliberate

indifference in enrolling the ODRC in an electricity conservation program. Consequently, he has failed to establish the subjective component of an Eighth Amendment claim.

Similarly, Mr. Dehler has not stated an equal protection claim. "Disparate treatment is an inherent initial requirement of an equal protection violation." <u>Lothes v. Butler County Juvenile Rehabilitation Center</u>, 243 Fed.Appx. 950, 956 (6th Cir. July 5, 2007). However, "[d]isparate treatment does not arise from any and all differences in treatment; it occurs only where the offending party 'treats some people less favorably than others because of their race, color, religion, sex, or national origin.'" <u>Cmtys. for Equity v. Mich. High Sch. Athletic Ass'n</u>, 459 F.3d 676, 680 (6th Cir. 2006), quoting <u>Int'l Bhd. of Teamsters v. United States</u>, 431 U.S. 324, 335 n. 15 (1977). Mr. Dehler has not alleged that he is a member of a suspect class and "prisoners confined to a particular correctional institution are not the type of 'discrete and insular' minorities that the Equal Protection Clause was designed to protect." <u>Brown v. Blackwell</u>, 2011 WL 63595 (S.D. Ohio Jan. 6, 2011). Moreover, as explained above, he cannot state a claim for a deprivation of any fundamental right by Director Mohr's conduct. Consequently, it will be recommended that the motion to dismiss be granted as to this claim.

Finally, Mr. Dehler's motion for a ruling on the motion to dismiss will be denied as moot.

### IV. <u>Recommendation and Order</u>

For the reasons stated above, it is recommended that the motion to dismiss (Doc. 12) be granted. The motion for a ruling (Doc. 15) is denied as moot and shall be removed from the Court's pending motions list.

### <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that

party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

      The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                                 <u>/s/ Terence P. Kemp</u>
                                                 United States Magistrate Judge