UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lambert Dehler,

    Plaintiff,

    v.

Gary C. Mohr, *et al.*,

    Defendants.

Case No. 2:14–cv–614

Judge Michael H. Watson
Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff Lambert Dehler ("Plaintiff"), an inmate at the Grafton Correctional Institution ("GCI"), sues the Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Gary Mohr ("Director Mohr"), under 42 U.S.C. § 1983, alleging Eighth and Fourteenth Amendment violations. Director Mohr moved to dismiss those claims. ECF No. 12. On August 14, 2015, Magistrate Judge Kemp issued a report and recommendation ("R&R") recommending the Court grant Director Mohr's motion. ECF No. 16. Plaintiff, proceeding *pro se*, timely objected. ECF No. 17. For the following reasons, the Court **OVERRULES** Plaintiff's objection.

### I. BACKGROUND

In January 2013, Director Mohr enrolled the ODRC in an electricity conservation program.

On July 15, 2013, the power was turned off at GCI from approximately 4:00 p.m. to 6:30 p.m.

The next day, the power was turned off at GCI from approximately 1:00 p.m. to 5:30 p.m.

Plaintiff alleges that during these power outages, the temperatures exceeded 100 degrees, and he was locked in his cell without a fan or ice. He asserts that these two incidents of over-heating caused him severe stress and pain and suffering.

Plaintiff maintains that while Director Mohr allowed the power to be turned off at GCI, he allowed the power to remain on at other nearby Ohio prisons.

Based on these allegations, Plaintiff claims that Director Mohr violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his right to equal protection under the Fourteenth Amendment.

Director Mohr moved to dismiss both claims, and Magistrate Judge Kemp issued an R&R recommending the Court grant the motion. Plaintiff timely objected.

## II. STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed R. Civ. P. 72(b). Upon review, the Court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The motion at issue is one to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus,

"something beyond the mere possibility of [relief] must be alleged . . . ." *Id.* at 557–58 (internal citations omitted).

### III. ANALYSIS

### A. Eighth Amendment

Plaintiff claims that by forcing him to remain locked in an overheated cell during the two power outages, Director Mohr violated his right to be free of cruel and unusual punishment under the Eighth Amendment.

"An Eighth Amendment claim comprises an objective and subjective component: (1) a sufficiently grave deprivation, such as serious medical needs; and (2) a sufficiently culpable state of mind." *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995) (citation omitted). Magistrate Judge Kemp correctly characterized Plaintiff's claim as one challenging the conditions of his confinement. "A prison's conditions of confinement are sufficiently grave if they fall beneath 'the minimal civilized measure of life's necessities' as measured by a 'contemporary standard of decency.' A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with 'deliberate indifference.'" *Id.* (internal and external citations omitted).

Magistrate Judge Kemp recommended dismissing Plaintiffs' claim on the grounds that Plaintiff failed to plausibly plead the objective and subjective components. Relying on *Bomer v. Lavigne*, 101 F. App'x 91 (6th Cir. 2004), Magistrate Judge Kemp found that Plaintiff's allegations about two short incidents of a power outage do not rise to the level of an objectively grave harm. R&R 6,

ECF No. 16. He further found that Plaintiff failed to include in his complaint any allegations suggesting that Director Mohr acted with deliberate indifference in enrolling the ODRC in the electricity conservation program. *Id.* at 6–7.

Plaintiff objects, arguing that *Bomer* is distinguishable from the instant case and therefore does not support a finding that he failed to allege an objectively serious harm. The Court need not address the merits of this objection, however, as Plaintiff still fails to establish the subjective component of his claim. He states in his objection that "the electrical power in Bomer was not turned off on purpose as Plaintiff alleged in the case at bar." Obj. 2, ECF No. 17 (emphasis in original). But purposeful actions do not automatically establish deliberate indifference. The fact that Director Mohr intentionally allowed the power to be turned off at GCI does not mean that he did so with knowledge of and deliberate indifference to the possible consequences. As the failure to establish this subjective component is fatal to his claim, Plaintiff's objection is overruled.

## B. Fourteenth Amendment

Plaintiff claims that Director Mohr violated his Fourteenth Amendment right to equal protection when he allowed the power to be turned off at GCI but allowed it to remain on at other nearby Ohio prisons.

"[T]he Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for

the difference." *Franks v. Rubitschun*, 312 F. App'x 764, 765 (6th Cir. 2009) (internal quotation marks and citation omitted).

Magistrate Judge Kemp found that Plaintiff failed to plausibly plead an equal protection violation because, as explained above, he did not state a claim for the deprivation of a fundamental right and because his complaint lacked allegations suggesting that he is a member of a suspect class. R&R 7, ECF No. 16.

Plaintiff objects, arguing that he need not allege that he is a member of a suspect class, as he brings his equal protection claim under a "class of one" theory.

To proceed on a class of one claim, "a plaintiff must allege 'that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks*, 312 F. App'x at 766 (citation omitted). Plaintiff bases his class of one claim on the allegation that Director Mohr allowed the power to be turned off at GCI but allowed the power to remain on at other nearby Ohio prisons exhibiting the same temperature conditions. This allegation is insufficient to state a class of one claim, however, as Plaintiff has not alleged specific facts from which the Court could reasonably infer that there was no rational basis for turning off the power at GCI but not at other prisons.

For all of these reasons, Magistrate Judge Kemp correctly determined that Plaintiff has failed to state an Eighth or Fourteenth Amendment claim against Director Mohr.

### IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 17, and **ADOPTS** the R&R, ECF No. 16. Accordingly, Director Mohr's motion to dismiss, ECF No. 12, is **GRANTED**. The Clerk shall enter judgment and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**